with such attorney or counsel" (rule 79), where these facts are fully known to the parties or their counsel, and the appointment is made and the trial or hearing proceeds without objection, we see no reason for holding that the determination should be set aside, and Fortunato v. Mayor, 31 App. Div. 271, 273, 52 N. Y. Supp. 872, clearly intimates that this would be the rule. But in the present case it does not appear that the referee was a clerk in the office of the respondent's attorney. He had been such clerk at a time prior to such appointment; but this fact was called to the attention of the appellant's counsel, and he refused to make any objection, and it is not now suggested that there was any lack of integrity on the part of the referee. We are clearly of the opinion that the rule invoked by the appellant has no bearing here, and that the appeal is not well taken.

The order appealed from should be affirmed.

Order of the County Court of Kings county affirmed, with $10 costs and disbursements. All concur.

---

### In re GLENWOOD AVE. IN CITY OF YONKERS.

(Supreme Court, Appellate Division, Second Department. March 12, 1909.)

MUNICIPAL CORPORATIONS (§ 297*)—PUBLIC IMPROVEMENTS—REMONSTRANCES—PERSONS SIGNING.

    Under Yonkers City Charter (Laws 1895, p. 1372, c. 635) tit. 7, § 4, providing that if no remonstrance, signed by a majority of the persons who will be assessed for the opening of a proposed street, is presented to the council within a certain time, the street shall be opened, a remainderman could not sign a remonstrance, though the life estate was subject to divestiture, and sale by executors at the life tenant's election.

    [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 797; Dec. Dig. § 297.*]

Appeal from Special Term, Westchester County.

In the matter of laying out, opening, and extending Glenwood avenue, in the city of Yonkers, to which James C. Colgate and others filed a remonstrance. From an order appointing commissioners of estimate and appraisal, and from an order denying remonstrators' application to set aside such order, they appeal. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

James M. Hunt, for appellants.
John F. Brennan, for respondent.

WOODWARD, J. The charter of the city of Yonkers (chapter 635, p. 1372, of the Laws of 1895) provides in the fourth section of title 7 for the opening of streets. The proceeding must be opened by a petition signed by one-third of the persons owning land on the line of said street or proposed street, and it does not appear to be questioned here that this much of the proceeding is regular. But it

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

is provided that the common council, "if no remonstrance, signed by a majority of the persons who will be assessed therefor, shall be presented to it on or before the day specified in said notice, it may then * * * allow such improvement to be made, or the property, rights, or easements to be taken." It is then provided that the common council shall fix the assessment district, and that that body may, notwithstanding a remonstrance, authorize the work or the taking of the rights by unanimous action of all the members.

The appellants herein did make a remonstrance, and it does not appear to be questioned here that the action of the common council in authorizing the proceeding here in question did not act by unanimous voice of all its members, so that the question before the court is as to the sufficiency of the remonstrance. This remonstrance was signed by James C. Colgate, Susan F. Colgate, and Mary Colgate, individually, and by the executors of the last will and testament of James B. Colgate, and by James C. Colgate and George G. De Witt as trustees, and the record shows that the only other persons owning land within the assessment district are Laura McDonald and the New York Central & Hudson River Railroad Company, the moving parties in the original petition. James B. Colgate was, in his lifetime, the owner of all the land in the assessment district, aside from the moving petitioners. By his last will and testament he devised to his wife, Susan F. Colgate, for life, these lands within the assessment district, and upon her death the property is to be divided in three parts; one of these to go to Mary Colgate, another to James C. Colgate, and the third part to James C. Colgate and George G. De Witt as trustees.

It does not seem to be claimed that the addition of the names of the trustees adds anything to the remonstrance, and it seems to us that the purpose of the statute was not to include all persons who might have an interest in real estate, but to afford a reasonable protection to the owners of real property to be assessed. If James B. Colgate had been alive at the time this proceeding was instituted, he alone would have been qualified to remonstrate. He was dead; but this property was vested for life in his widow, subject to be divested at her election and sold by the executors under the provisions of the will, so that there was no certainty that any one of the signers of the remonstrance, aside from Susan F. Colgate, would ever be called upon to meet any part of the assessment; certainly not that they would ever be assessed, and the statute gives the right to effectively remonstrate only to a "majority of the persons who will be assessed therefor." There was only one property involved (the estate of James B. Colgate, deceased), and we are of the opinion that with that property tied up in a life estate, liable to be sold at the election of the holder of the life estate, the mere fact that some of the expense might ultimately fall upon the remaindermen did not give them any standing to protest against this proposed public improvement. We are not dealing with a judicial settlement of accounts, or with the equities as between life tenants and remaindermen, but with a statutory privilege accounted to a class—to persons who will be assessed for a public improvement—and the possible remainderman (for they have

no vested right in the real estate within the assessment district under the provisions of the will) have no place in this class.

The orders appealed from should be affirmed, with $10 costs and disbursements. All concur.